BOOTH, Judge,
dissenting.
There is evidence of record supporting the trial judge’s determination that the criteria of Sections 394.467(l)(a)2.a and 394.-464(l)(b), Florida Statutes, were met. The trial court’s order of commitment is therefore supported by the record and it is not the prerogative of the appellate court to revisit that evidence. Specifically, Dr. Victor Mendoka, Chief of Psychiatry at University Hospital, testified that L.A. suffers from schizophrenic disorders, a mental illness, that she is not capable of surviving by herself or taking care of herself, that she is likely to suffer neglect, and that in his opinion, there is a danger or likelihood that she could inflict injury on herself or others.
The trial court saw the witnesses, heard the evidence, and was able, far better than this court, to evaluate the testimony of both the expert witness and that of L.A. and L.A.’s mother concerning possible alternatives to institutionalized care and confinement. This is a serious determination and one that should be made by the trial court, who has the parties before him in making that determination. It is only when the legal criteria are not satisfied in the record that a reversal is required.
I would affirm the judgment below.